FILED
CLERK, U.S. DISTRICT COURT

JUL - 9 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLIFFORD GEORGE, | CV 06-200 JSL (AJW) |
| Plaintiff, | ORDER |
| v. | |
| DR. THOMAS W. EDHOLM, *et al.*, | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the entire file *de novo*, including the Magistrate Judge's Report and Recommendation ("Report") and Plaintiff's objections to the Report. The court approves and adopts the Magistrate Judge's findings, conclusions and recommendations, except for those pertaining to Plaintiff's verified complaint [Report at 8-9] and the denial of Plaintiff's Motion to Withdraw Admissions ("Motion") [Report at 4-5 n.6].

As stated in the Report, a verified complaint may serve as an affidavit in opposition to summary judgment under Federal Rule of Civil Procedure 56(e) if it is based on personal knowledge and sets forth facts that would be admissible into evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *McElyea v. Babbitt*, 833 F.2d 196, 197-98 (9th

1

1    Cir. 1987). A verification or affidavit executed under penalty of perjury within the United

2    States must be executed in "substantially the following form" in order to meet the

3    requirements of federal law: "I declare (or certify, verify, or state) under penalty of perjury

4    that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746(2).

5            Plaintiff's complaint was not prepared by counsel. *Pro se* complaints are far more

6    prone to errors in pleading, and thus are held to "less stringent standards than formal pleadings

7    drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, courts have a

8    duty to construe *pro se* pleadings liberally. *Hamilton v. United States*, 67 F.3d 761, 764 (9th

9    Cir. 1995) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). This principle is particularly

10   applicable to pleadings filed by *pro se* prisoners, *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th

11   Cir. 2001), especially in a civil rights case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

12   1992) (citing *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)). In assessing the

13   pleadings of a *pro se* plaintiff in a civil rights case, courts must construe them liberally and

14   afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839

15   F.2d 621, 623 (9th Cir. 1988) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)

16   (en banc)).

17           Plaintiff's verification states: "Plaintiff declare under penalty of perjury, and for those

18   statement, I believe them to be true and correct to the best of my knowledge, as I set my hands

19   this very 11 day of the Month of 15, 05 [sic]." [Complaint at 9]. Although Plaintiff's

20   verification does not follow 28 U.S.C. § 1746(2)'s form with precision, it is made under

21   penalty of perjury that the contents are true and correct and clearly incorporates traditional

22   legal language that a litigant untrained in the law might understand to satisfy legal

23   requirements. *See Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (finding

24   that complaint, which stated that "the facts stated in the . . . complaint [are] true and correct *as*

25   *known to me*," was properly verified because, although it did not follow the form with

26   precision, plaintiff stated under penalty of perjury that contents were true and correct).

27

28                                                    2

1    Moreover, Plaintiff's complaint was based on his personal knowledge of admissible evidence.

2    Accordingly, Plaintiff's verified complaint should have served as an opposing affidavit to

3    Defendants' motion for summary judgment.

4            With respect to the Motion, Plaintiff, in his objections to the Report, contends that the

5    Magistrate Judge's denial of the Motion was an abuse of discretion.  [Pl. Objections at 7].

6    Pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff was required to file objections to

7    any non-dispositive order within ten days after being served with a copy.  Failure to do so

8    precludes Plaintiff from later "assign[ing] as error a defect" in the Magistrate Judge's order.

9    Fed. R. Civ. P. 72(a).  Although procedurally precluded from reviewing the Magistrate

10   Judge's denial of Plaintiff's Motion, the court observes that Plaintiff's Motion should have

11   been granted for the following reasons.

12           Plaintiff's failure to respond timely to Defendants' Request for Admissions ("RFA")

13   resulted in an automatic admission of the matters requested.  It appears from the record that

14   Plaintiff attempted to request an extension of time to respond to Defendants' RFA.  [Notice of

15   Request for Extension of Time to File Responses to Various Motions, Dkt. # 7 ("Request for

16   Extension")].  The Request for Extension, however, was considered to be directed at the status

17   report.  The Magistrate Judge extended the time by which Plaintiff had to file his status report

18   and then denied the rest as moot because no other motions had been filed by Defendants.

19   Though it may not have been clear at that time that Plaintiff was requesting an extension for

20   his responses to Defendants' RFA, Plaintiff's later Motion and the opposition by Defendants

21   demonstrate that Plaintiff's Request for Extension likely was directed at his responses to

22   Defendants' RFA.

23           As discussed above, it is well-recognized that *pro se* litigants are unskilled in the law,

24   and thus their pleadings should be held to less stringent standards and construed liberally.

25   Furthermore, while it is true that this circuit requires that "[p]ro se litigants must follow the

26   same rules of procedure that govern other litigants," *King v. Atiyeh*, 814 F.2d 565, 567 (9th

27

28                                                      3

1  Cir. 1987), it also recognizes that incarceration presents *pro se* litigants with unique handicaps

2  that may prevent them from timely complying with court deadlines, and as such "strict time

3  limits . . . ought not to be insisted upon." *Eldridge*, 832 F.2d at 1136 (quoting *Tarantino v.*

4  *Eggers*, 380 F.2d 465, 468 (9th Cir. 1967) (reversing a grant of summary judgment where

5  prisoner's opposition to motion for summary judgment was untimely); *see Rand v. Rowland*,

6  154 F.3d 952, 958 (9th Cir. 1998) (recognizing that incarcerated *pro se* litigants face unique

7  handicaps that make it difficult to comply with procedural deadlines); *Draper v. Coombs*, 792

8  F.2d 915, 924 (9th Cir. 1986) (stating that courts should treat *pro se* litigants with great

9  leniency when evaluating compliance with the technical rules of civil procedure).  Although

10 the court is not expected to act as a legal advisor to a plaintiff, *Noll,* 809 F. 2d at 1448,

11 "affirmative measures are sometimes required to ensure that a prisoner's access to the courts

12 is 'adequate, effective, and meaningful.'" *Rand*, 154 F.3d at 958 (citing *Bounds v. Smith*, 430

13 U.S. 817 (1977)).  Accordingly, Plaintiff's Motion should have been granted.

14        Despite the above findings, after a thorough review of the entire file and consideration

15 of the evidence in the light most favorable to Plaintiff, the non-moving party, the court finds

16 no genuine issue as to any material fact with respect to Plaintiff's claims, and moreover,

17 Defendants are entitled to qualified immunity as a matter of law.  Accordingly, the court

18 grants Defendants' Motion for Summary Judgment as recommended by the Report and

19 dismisses Plaintiff's action with prejudice.

20        IT IS HEREBY ORDERED:

21    1.    That the Report and Recommendation is approved and adopted with the above

22          exceptions.

23    2.    That Judgment be entered consistent with this Order.

4

3.      That the Clerk serve this Order, the Report and Recommendation, and

Judgment on all counsel or parties of record.


**IT IS SO ORDERED.**


DATED: __7/9/08__

J. Spencer Letts
Senior United States District Judge

5